UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH-WILLIAM BAUER,

    Plaintiff,

v.                                                         Case No. 2:04-cv-153
                                                         CONSENT CASE

LINDA SCHNEIDER,

    Defendant.

_____/

**OPINION**

        Plaintiff filed this *pro se* complaint on July 12, 2004, apparently challenging a judgment of foreclosure entered against his property and the subsequent sale of the property. Linda Schneider, the named defendant in this action, was the treasurer of the County of Menominee after plaintiff's property was foreclosed and sold at auction. A review of plaintiff's complaint fails to clearly identify the nature of his claims. Plaintiff maintains that he is suing under 42 U.S.C. § 1983 for deprivation of rights and refers to seeking "to recover UCC-1 'Equity' belonging to a Secured Party Creditor, and to recover damages for injury of deprivation of rights to equity property." Apparently, plaintiff may be claiming that the foreclosure and sale of his property constituted a Fifth Amendment taking without just compensation. Further, plaintiff appears to be complaining that his contractural rights were violated by the foreclosure and sale of his property. Defendant has filed a motion for summary and the matter has been fully briefed. The parties have consented to jurisdiction by the undersigned and the matter is ready for a decision.

        A review of defendant's motion for summary judgment establishes that the foreclosure and sale of plaintiff's property was accomplished pursuant to the General Property Act

of the State of Michigan. MCL § 211.1, *et seq*. Plaintiff does not allege that the provisions of the General Property Act, *supra*, were violated during the foreclosure and sale of his property. Defendant maintains that as a matter of law, plaintiff cannot recover.

Summary judgment is appropriate if the defendant establishes that there is no genuine issue of material fact for trial and that she is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the defendant carries the burden of showing there is an absence of evidence to support plaintiff's claim, then plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id*. at 324-25. Plaintiff cannot rest on his pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id*. at 324. The evidence must be viewed in the light most favorable to plaintiff, but a mere scintilla of evidence in support of plaintiff's position is insufficient. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The ultimate question before the Court is whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

The evidence of record, including the deposition of plaintiff, establishes the following. Plaintiff received the property in question in the 1960's from his parents. Plaintiff's parents paid the property taxes until their deaths in 1998. Thereafter, plaintiff received the property tax bills, but refused to pay the taxes. According to plaintiff, he accepted the bills for value, but did a "charge back" on them. *See* plaintiff's deposition at page 28. Plaintiff's "charge back" was apparently accomplished pursuant to his belief that the United States went bankrupt in 1933, which entitles him to utilize a procedure known as "redemption." Plaintiff's deposition at pages 28-33. Following plaintiff's refusal to pay his property taxes, the treasurer of the County of Menominee, Patrick Kass, instituted proceedings under the General Property Tax Act. *See* MCL §§ 211.1,

211.78, *et seq*. Under the Act, notices and hearings are required. Furthermore, plaintiff had multiple opportunities to redeem his property by paying the back taxes and certain fees. There appears to be no dispute but that Treasurer Kass complied with all of these requirements. *See* Exhibit B, attached to defendant's motion for summary judgment. In fact, plaintiff admits to having received the documents related to the forfeiture and foreclosure and to attending and speaking at the court hearings. *See* plaintiff's deposition at pages 34-35. In March of 2002, a judgment of foreclosure was entered by the Circuit Court for the County of Menominee. The Circuit Court found that the General Property Tax Act had been complied with. Plaintiff was provided with 21 days in which to redeem his property. Plaintiff failed to redeem the property during the period established by the court and on July 16, 2002, the property was sold at auction and the proceedings from the sale were deposited in the delinquent tax revolving fund as required by the Michigan Property Tax Act, MCL § 211.78m(8).

The foregoing facts establish that defendant Schneider cannot be held liable to plaintiff under 42 U.S.C. § 1983. In order to state a cause of action under 42 U.S.C. § 1983, plaintiff must assert a violation of the United States Constitution or federal law. The foregoing fails to identify a violation of any constitutional provision or federal law. Plaintiff failed to pay the taxes on his property and suffered the consequences as a result of that failure. Furthermore, defendant Schneider was not the treasurer when the proceedings were instituted against plaintiff. *See* affidavit of Linda Schneider. For the foregoing reasons, it is concluded that defendant is entitled to summary judgment because there is no genuine issue of material fact and plaintiff cannot prevail as a matter of law. Furthermore, defendant is entitled to the qualified immunity defense because under no circumstance did she violate a clearly established law. *See Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997).

- 4 -

Accordingly, defendant's motion for summary judgment will be granted and this case will be dismissed with prejudice.

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   June 28, 2005